**STATE OF SOUTH CAROLINA** )  IN THE COURT OF COMMON PLEAS
**COUNTY OF HORRY** )
)
Carolyn Bishop Belcher )
                                   **Plaintiff(s)** ) CIVIL ACTION COVERSHEET
)
) 2011-CP-26-2789
                                  **vs.** )
)
Michael Pacileo, individually and in his capacity as )
a police officer; and North Myrtle Beach Police )
Department, an agency of the City of North Myrtle )
Beach, )
                                 **Defendant(s)** )

| (Please Print) | |
|---|---|
| Submitted By: Stephen C. Hucks, Esquire | SC Bar #: 14219 |
| Address: 9610 Two Notch Road, Suite 5 | Telephone #: (803) 865-6370 |
| Columbia, South Carolina 29223 | Fax #: (803) 865-6332 |
| | Other: |
| | E-mail: stephen@hucksandfelker.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
*If Action is Judgment/Settlement do not complete*

- ☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
- ☒ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) False Arrest | ☐ Other (499) |
| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| **Special/Complex /Other** | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____ Date: March 24, 2011

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2011)  Page 1 of 2

# FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | |
| ) | CASE NO: 2011- |
| Carolyn Bishop Belcher, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| -vs- ) | |
| ) | |
| Michael Pacileo, individually and ) | |
| in his capacity as a police officer; and ) | |
| North Myrtle Beach Police Department, an ) | |
| agency of the City of North Myrtle Beach, ) | |
| ) | |
| Defendant. ) | |

TO THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at the offices of Hucks and Felker, LLC, 9610 Two Notch Road, Suite 5, Columbia, South Carolina 29223, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforementioned, the Plaintiff in this action will apply to the Court for a default judgment and for the relief demanded in the Complaint and an Order of Default will be rendered against you for the relief so demanded in the Complaint.

HUCKS & FELKER, L.L.C.

_____

Columbia, South Carolina
March 24, 2011

Stephen C. Hucks, Esquire
Attorneys For the Plaintiff
9610 Two Notch Road, Suite 5
Columbia, South Carolina 29223
*Telephone:* (803) 865-6370
*Facsimile:* (803) 865-6332

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )
) CASE NO:
Carolyn Bishop Belcher )
)
Plaintiff, )
)
-vs- ) COMPLAINT
) Excessive Force
Michael Pacileo, individually and ) False Arrest and Confinement
in his capacity as a police officer; and ) Assault
North Myrtle Beach Police Department, an ) Battery
agency of the City of North Myrtle Beach, ) Outrage
) Defamation
Defendants. ) (Jury Trial Demanded)
)

The Plaintiff above named, complaining of the Defendants herein, would respectfully allege, as follows:

1. The Plaintiff is a citizen and resident of the County of Horry, State of South Carolina.

2. The Defendant, Michael Pacileo (hereinafter referred to as "Pacileo"), is upon information and belief, a citizen and resident of the County of Horry, State of South Carolina, and at all times herein relevant, was a police officer employed by the City of North Myrtle Beach.

3. The Defendant, North Myrtle Beach Police Department (hereinafter referred to as "Department"), is an agency of the City of North Myrtle Beach, a municipal corporation, incorporated under the laws of the State of South Carolina, both of which are located in the County of Horry, State of South Carolina.

4. That heretofore, on or about 2:00 p.m. on March 27, 2009, the Plaintiff was talking on the telephone in her home located at 1313 Edge Drive, North Myrtle Beach, South Carolina, when the Defendant, Pacileo, knocked on her door stating that he had a warrant for her arrest for stealing a golf cart. When questioned about the warrant, the Defendant Pacileo stated that it was in his police vehicle. Thereupon, the Defendant Pacileo, without a warrant, entered

the Plaintiff's home. After placing the Plaintiff under arrest and in his vehicle, the Plaintiff again asked to see a warrant. The Defendant Pacileo showed the Plaintiff a piece of paper with many names on it. Defendant indicated that the Plaintiff was Carol Belcher at an address in Martinsville, Virginia.

5. Upon information and belief, the Plaintiff was arrested and charged with Larceny, a crime allegedly committed by a Carol Belcher.

6. That the Plaintiff was questioned about people she had never heard of and alleged to have been evicted from a condominium that she had never rented.

7. The Plaintiff was processed as a common criminal, having her fingerprints taken, photograph taken, and had her belongings and possessions taken from her.

8. That the Plaintiff's boyfriend was told he was dating a married woman.

9. That after several hours of detainment, the Plaintiff was returned her belongings and released.

10. That upon release, the Plaintiff was told it was a case of "mistaken identity."

11. That the Plaintiff's cellular phone was accessed while she was incarcerated without just cause or a warrant.

12. Upon information and belief, the charge against the Plaintiff has not been dismissed and is still pending despite the "mistaken identity."

## FOR A FIRST CAUSE OF ACTION

13. All of the allegations of paragraphs 1 through 13 are incorporated herein as if repeated verbatim, below.

14. That upon information and belief, the Defendants, acting under color of state law, violated 28 U.S.C. §1983, in depriving the Plaintiff of her constitutional right to be free from the

2

unlawful and indiscriminate search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

15. That the Plaintiff was damaged by the Defendant's violation of her constitutional rights.

16. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants in an amount of actual and punitive damages to be determined by the jury.

### FOR A SECOND CAUSE OF ACTION AS TO BOTH DEFENDANTS
### False Arrest and Confinement

17. All of the allegations of paragraphs 1 through 16 are incorporated herein as if repeated verbatim, below.

18. That the Defendant, Pacileo, knew or should have known that there was no legitimate reason or legal purpose to detain, arrest and subsequently confine the Plaintiff.

19. That the Defendant, Department, knew or should have known that there was no legitimate reason or legal purpose to detain, arrest and subsequently confine the Plaintiff.

20. That the Defendant restrained the Plaintiff.

21. That the restraint was intentional.

22. That the restraint was unlawful.

23. That upon information and belief, the Defendant acted without probable cause to arrest and confine the Plaintiff, thereby depriving her of her freedom.

24. That the Plaintiff was damaged by the Defendant's false arrest and confinement of the Plaintiff.

25. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants, jointly and severally, or in the alternative, in an amount of actual and punitive


3

damages to be determined by the jury, and reasonable attorney's fees.

### FOR A THIRD CAUSE OF ACTION
### AS TO DEFENDANT PACILEO
#### Assault

26. All of the allegations of paragraphs 1 through 25 are incorporated herein as if repeated verbatim, below.

27. That upon information and belief, the Defendant Pacileo assaulted the Plaintiff by placing her in reasonable fear of bodily harm, when the Defendant wrongfully placed the Plaintiff under arrest.

28. That the actions of the Defendant were willful, wanton, or in reckless disregard of the Plaintiff's rights.

29. That the Plaintiff was damaged by the Defendant's assault of the Plaintiff.

30. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury, and reasonable attorney's fees.

### FOR A FOURTH CAUSE OF ACTION
### AS TO DEFENDANT PACILEO
#### Battery

31. All of the allegations of paragraphs 1 through 30 are incorporated herein as if repeated verbatim, below.

32. That upon information and belief, the Defendant Pacileo committed battery on the Plaintiff when the Defendant inflicted forcible contact on the Plaintiff by:

   a. Placing handcuffs upon her;

   b. Pushing and pulling the Plaintiff while placing her into the vehicle;

   c. Pushing and pulling the Plaintiff while removing her from the vehicle;

4

d. And while removing the Plaintiff's personal items from her person; all without provocation or probable cause to arrest her.

33. That the Plaintiff was damaged by the Defendant's battery of the Plaintiff.

34. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants, in an amount of actual and punitive damages to be determined by the jury.

### FOR A FIFTH CAUSE OF ACTION
### AS TO DEFENDANT PACILEO
**Outrage**

35. All of the allegations of paragraphs 1 through 34 are incorporated herein as if repeated verbatim, below.

36. That the Defendant Pacileo negligently, willfully, wantonly and recklessly inflicted severe emotional distress upon the Plaintiff, by his words and actions.

37. That the conduct complained of was so extreme and outrageous as to exceed all possible bounds of decency; such actions are commonly regarded as atrocious and utterly intolerable in a civilized community.

38. Upon information and belief, the actions of the Defendant constitute outrage.

39. That the Plaintiff was damaged by the Defendant's outrageous behavior.

40. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants, in an amount of actual and punitive damages to be determined by the jury.

### FOR A SIXTH CAUSE OF ACTION
### AS TO DEFENDANT PACILEO
Defamation - Slander

41. All of the allegations of paragraphs 1 through 40 are incorporated herein as if repeated verbatim, below.

42. That the Defendant's statements defamed the Plaintiff's honesty, integrity, virtue,

and reputation.

43. That the Defendant by his actions did defame the Plaintiff by his publication of charges he claimed the Plaintiff was responsible for committing.

44. That the Defendant, with implied malice, did inform the Plaintiff's boyfriend that he was dating a married woman.

45. That the Plaintiff was not the same Carol Belcher who was wanted for the commission of the crime and was not a married woman.

46. That the Plaintiff suffered public humiliation, embarrassment, and social discomfort as a direct result of the Defendant's defamation.

47. That the Plaintiff has continued mental suffering as a result of the Defendant's defamation.

48. The Plaintiff is informed and believes that she is entitled to judgment against the Defendants, in an amount of actual and punitive damages to be determined by the jury.

**WHEREFORE** the Plaintiff demands judgment against the Defendants as follows:

    a. In the First Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

    b. In the Second Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

    c. In the Third Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

d. In the Fourth Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

e. In the Fifth Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

f. In the Sixth Cause of Action, for judgment against the Defendant Pacileo and the Department, jointly and severally, or in the alternative, in an amount of actual and punitive damages to be determined by the jury;

g. Reasonable attorney's fees;

h. The costs of this action, and,

i. Such other and further relief as the Court may deem just and proper.

**HUCKS & FELKER, LLC**

Stephen C. Hucks, Esquire
9610 Two Notch Road, Suite 5
Columbia, South Carolina 29223
(803) 865-6370
Facsimile (803) 865-6332
ATTORNEY FOR PLAINTIFF

Columbia, South Carolina
This 24 day of March, 2011.