IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Civil Action No.:

| | |
|---|---|
| Carolyn Bishop Belcher, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael Pacileo, individually and )<br>In his capacity as a police officer; )<br>and North Myrtle Beach Police )<br>Department, an agency of the City )<br>Of North Myrtle Beach, )<br>)<br>Defendants. )<br>_____) | **ANSWER ON BEHALF<br>OF THE DEFENDANTS** |

The Defendants respond to the Complaint of the Plaintiff as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation not hereinafter specifically admitted is denied.

2. The Defendants, upon information and belief, admits the allegations as contained in Paragraphs 1, 2 and 3 of the Complaint.

3. With regards to Paragraph 4, 5, 6 and 7 of the Complaint, on March 27, 2009, Officer Michael Pacileo contacted the Plaintiff at her residence and advised her there was an outstanding arrest warrant; thereafter, he transported her to the Police Department where the warrant was served.

4. With regards to Paragraph 7, the Defendants would show that the Plaintiff was processed as part of the arrest warrant.

5. The Defendants have insufficient information in which to admit or deny the allegations as contained in Paragraph 8, and therefore demand strict proof thereof.

6. With regards to Paragraph 9 and 10, the Defendants would show that it was later determined that the Plaintiff was not the correct individual on the warrant and she was released.

7. The Defendants deny the allegations as contained in Paragraphs 11 and 12 of the Complaint.

8. The Defendants deny the allegations as contained in Paragraphs 14, 15 and 16 of the Complaint.

9. The Defendants deny the allegations as contained in Paragraphs 18 and 19 of the Complaint.

10. The Defendants admit the allegations as contained in Paragraphs 20 and 21 of the Complaint.

11. The Defendants deny the allegations as contained in Paragraphs 22, 23, 24 and 25 of the Complaint.

12. The Defendants deny the allegations as contained in Paragraphs 27, 28, 29 and 30 of the Complaint.

13. The Defendants deny the allegations as contained in Paragraphs 32, 33 and 34 of the Complaint.

14. The Defendants deny the allegations as contained in Paragraphs 36, 37, 38, 39 and 40 of the Complaint.

15. The Defendants deny the allegations as contained in Paragraphs 42, 43 and 44 of the Complaint.

16. The Defendants, upon information and belief, admit the allegations as contained in Paragraph 45 of the Complaint.

17. The Defendants deny the allegations as contained in Paragraphs 46, 47 and 48 of the Complaint.

## FOR A SECOND DEFENSE

18. The Defendants reiterate the allegations as contained in the first defense as if repeated verbatim within this the second defense.

19. The Defendants would show that the Complaint fails to set out sufficient allegations to constitute a cause of action as against the Defendants.

## FOR A THIRD DEFENSE

20. The Defendants reiterate the allegations as contained in the first two defenses as if set forth verbatim within this the third defense.

21. The Officer's conduct did not violate any clearly established constitutional rights of Plaintiff which were known or should have been known; furthermore, his actions were reasonable under the circumstances at the time of the incident. Therefore, these Defendants plead qualified immunity as an affirmative defense.

## FOR A FOURTH DEFENSE

22. The Defendants reiterate the allegations as contained in the first three defenses as if set forth verbatim within this the fourth defense.

23. A municipality and its departments may only be liable under 42 U.S.C. § 1983 where the alleged injury is pursuant to a policy or official custom.

## FOR A FIFTH DEFENSE

24. The Defendants reiterate the allegations as contained in the first four defenses as if set forth verbatim within this the fifth defense.

25. To the extent the Complaint contains State Court causes of action, they are governed by the South Carolina Tort Claims Act and the Defendants plead the applicable provisions, immunities and limitations on amounts recoverable as affirmative defenses.

WHEREFORE, having fully responded to the Complaint of the Plaintiffs, the Defendants request that same be dismissed with prejudice, together with the costs of the defense in this matter and for such other relief as this Court deems proper.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

*s/ Douglas Charles Baxter*

Douglas Charles Baxter
Federal District Court No.: 4778
2103 Farlow Street, Suite B
Post Office Box 3646
Myrtle Beach, SC  29578

(843) 448-1008
(843) 448-1533 (fax)
dbaxter@richardsonplowden.com

Attorney for the Defendants

July 15, 2011