IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carolyn Bishop Belcher, ) | Civil Action No.: 4:11-cv-01715-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael Pacileo, individually and in ) | |
| his capacity as a police officer; North ) | |
| Myrtle Beach Police Department, an ) | |
| agency of the City of North Myrtle ) | |
| Beach, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Carolyn Bishop Belcher filed this action against Defendants Michael Pacileo and North Myrtle Beach Police Department on March 25, 2011. Now before the Court is Defendants' motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. After reviewing Defendants' motion and brief,[1] the Court grants the motion in part and remands the remaining claims to state court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Horry County, South Carolina, Court of Common Pleas, alleging a Fourth Amendment claim under 42 U.S.C. § 1983, as well as several South Carolina tort claims. All of her claims arise from her arrest by Defendant Pacileo, an officer with Defendant North Myrtle Beach Police Department. Defendants removed the action to this Court on July 15, 2011, referencing Plaintiff's § 1983 claim.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

Specifically, Plaintiff asserts her Fourth Amendment rights were violated when Defendant Pacileo served her with an arrest warrant and took her into custody on the charge of larceny. She alleges that the crime "was committed by a Carol Belcher," that Plaintiff "was processed as a common criminal," that Plaintiff's boyfriend was told Plaintiff was married, and that her property was seized and searched.[2]  Her state claims include false arrest and confinement, assault, battery, outrage, and slander. Compl., ECF No. 1-1.

Defendants filed a motion for summary judgment on June 1, 2012. Defs.' Mot. for Summ. J., ECF No. 9.  In support of their motion, Defendants submitted an affidavit of Defendant Pacileo, a copy of the arrest warrant, and portions of Plaintiff's deposition testimony.  Although represented by counsel, Plaintiff has failed to file a response to the motion for summary judgment within the fourteen-day period provided.  Despite Plaintiff's failure to respond, Defendants' motion is now before the Court.[3]

## SUMMARY JUDGMENT STANDARD

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

---

[2] Specifically, Plaintiff claims that her "cellular phone was accessed while she was incarcerated without just cause or a warrant."

[3] Local Rule 7.06 provides as follows:

> Any memorandum or response from an opposing party must be filed with the Clerk of Court within fourteen (14) days of the service of the motion unless the Court imposes a different deadline.  If no memorandum in opposition is filed within fourteen (14) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any.

2

specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. In determining whether a genuine dispute has been raised, a Court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand a summary judgment motion. *Id*. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'n Satellite Corp*., 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**DISCUSSION**

*I.     Section 1983 Claims*

Defendants contend that Plaintiff's claim that her Fourth Amendment rights were violated is without merit as to both Defendants. First, Defendant Pacileo argues that the arrest was authorized by an arrest warrant, noting that "Plaintiff has made no specific allegations that the arrest warrant was facially invalid or defective in any way." Memo. in Supp. of Defs.' Mot. for Summ. J. 5, ECF No. 9-1. Second, Defendant North Myrtle Beach Police Department maintains that Plaintiff alleges no policy or custom that would make it liable under § 1983. *Id.* at 6-7. Finally, Defendant Pacileo contends he is protected by qualified immunity because he did not violate clearly established law. *Id.* at 7-8. The Court agrees summary judgment should be granted as to these claims.

First, the Court finds no genuine dispute of fact to support Plaintiff's § 1983 claim against Defendant North Myrtle Beach Police Department. A governmental entity can be held liable under § 1983, only when the execution of the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Here, if Plaintiff is indeed asserting a § 1983 claim against Defendant North Myrtle Beach Police Department, she fails to allege in her complaint or provide supporting evidence that a policy or custom caused injury to her Fourth Amendment rights.

Second, the undisputed evidence provided by Defendant Pacileo shows he did not violate Plaintiff's Fourth Amendment rights. "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)). Here, there is no allegation in Plaintiff's complaint that the warrant, which was signed by a South Carolina

municipal judge, was invalid on its face. Moreover, Defendant Pacileo attests that he "arrested [Plaintiff] pursuant to a facially valid felony warrant" that was not requested by him. Michael Pacileo Aff. 2, ECF No. 9-2. Defendant's Pacileo's role was merely to serve the warrant on Plaintiff and perform the arrest. According to Defendant Pacileo, he confirmed with the Plaintiff that the identifying information on the warrant was correct. The information included her name, date of birth, driver's license number, and social security number. Plaintiff's physical description was also consistent with the warrant. *Id.* Therefore, without evidence to dispute Defendant Pacileo's affidavit, the evidence shows the arrest did not rise to a Fourth Amendment violation.

Even assuming Plaintiff's arrest was indeed a case of mistaken identity, "[n]ot every mix-up in the issuance of an arrest warrant, even though it leads to the arrest of the wrong person with attendant inconvenience and humiliation, automatically constitutes a constitutional violation for which a remedy may be sought under 42 U.S.C. § 1983." *Thompson v. Prince William Cnty.*, 753 F.2d 363, 354 (4th Cir. 1985). In *Thompson*, the Fourth Circuit found the arresting officer, who, like Defendant Pacileo, did not request the arrest warrant, had probable cause, under the totality of the circumstances, to execute the facially valid warrant.[4] *Id.* at 365 (citing *Illinois v. Gates*, 462 U.S. 213, 230-39 (1983); *see also Pierson v. Ray*, 386 U.S. 547, 557 (1967) (holding that the defenses of good faith and probable cause are applicable to § 1983 claims). This Court, too, finds that, under the totality of the circumstances, probable cause existed to perform the arrest where the undisputed evidence showed no significant discrepancy to put Defendant Pacileo on notice that Plaintiff was not the individual named in the warrant.[5] The Court is further persuaded by a comparison to *Thompson*, in which there were "slight discrepancies" that "with hindsight might have alerted the . .

---

[4] The Court notes that the detective who requested the warrant and who attested to the facts to support probable cause for the warrant is not a named defendant in this action.

[5] While the affidavit listed an incorrect Virginia address and phone number for Plaintiff, Plaintiff admitted to Defendant Pacileo that she "previously resided in Virginia." Pacileo Aff. 2.

. officer serving the warrant that [the defendant] might not be the person sought." *Id.* Therefore, Plaintiff's § 1983 claims are without merit.

Regardless, the Court finds Defendant Pacileo is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials " 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Having found Defendant Pacileo is not in violation of Plaintiff's Fourth Amendment rights, it follows that his conduct did not violate any clearly established rights that a reasonable person would have known. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (establishing a two-step process for finding qualified immunity that was made discretionary in *Pearson*). Thus, a suit may not stand against Defendant Pacileo in his individual capacity because it was not "clear to a reasonable officer that [Defendant Pacileo's] conduct was unlawful in the situation he confronted." *Id.* at 202; *cf. United States v. Leon*, 468 U.S. 897, 922 (1984) (holding that "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith," but that the officer's reliance "must be objectively reasonable" (citations and internal quotation marks omitted)).

## II.     *South Carolina Tort Claims*

Defendants also move for summary judgment on each of Plaintiff's state tort claims. Memo. 8-10. However, this Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3). Where a case is removed from state court, a district court has discretion to remand the state law claims to state court instead of dismissing the state law claims. Accordingly, the Court finds that remand of the state law claims to the Horry County Court of Common Pleas, where this action was initially

6

filed, is appropriate. *See Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001); *Thompson*, 753 F.2d at 365. This Court notes that it declines to address Defendants' contention that summary judgment should be granted as to the state tort claims.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART** and as to Plaintiff's Fourth Amendment claims brought under 42 U.S.C. § 1983. Given the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims giving rise to causes of action two through six. As such, the Court declines to rule on the portions of Defendants' motion for summary judgment concerning those causes of action. This action is hereby **REMANDED** to the Horry County Court of Common Pleas for further proceedings regarding Plaintiff's remaining causes of action.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

December 10, 2012
Florence, South Carolina

7